UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY J. QUINN, JR.,          Case No. 1:13-cv-864
    Plaintiff

                                      Weber, J.
vs          Bowman, M.J.

LT. ESHEM, et al.,          **REPORT AND**
    Defendants          **RECOMMENDATION**

    Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), has brought this *pro se* action under 42 U.S.C. § 1983 against SOCF's Warden, Donald Morgan; two SOCF nurses, Ms. James and Ms. Reiter; and five SOCF correctional officers, Lt. Eshem, Frye, Eaches, Stephen Hale, and Merlin Miller.  On December 6, 2013, the undersigned granted the plaintiff's motion for leave to proceed *in forma pauperis* and issued an order allowing plaintiff to proceed on most of his claims, but recommending that SOCF's Warden be dismissed as a defendant and that certain claims against defendants Miller, James and Reiter be dismissed for failure to state a claim upon which relief may be granted.  (*See* Docs. 1-2, 4).  This matter is now before the Court upon plaintiff's motion for temporary restraining order or preliminary injunction, which was also filed with the complaint.  (Doc. 7).

    Plaintiff seeks an injunction enjoining defendants from (1) continually threatening him with physical abuse; (2) harassing him with racial slurs and comments, as well as death threats; (3) tampering with and/or denying food to him; and (4) threatening or trying to harm him in retaliation for reporting incidents of abuse and filing this lawsuit.

1

The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by the issuance of the injunction.

*Id.*; *see also Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction or temporary restraining order is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

This Court finds that plaintiff has not alleged facts sufficient to warrant a temporary restraining order or preliminary injunction. Plaintiff has failed to present any evidence showing he has a substantial likelihood of success on the merits of his constitutional claims, or that he will suffer irreparable harm absent a preliminary injunction. Plaintiff's allegations in his motion do not constitute evidence supporting injunctive relief. In the absence of any evidence supporting plaintiff's motion, the motion should be denied.

A temporary restraining order or preliminary injunction is also not warranted in this case because the purpose for granting such relief—to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102—would not be served.  The present status quo in this case is, according to plaintiff, that he has suffered numerous violations of his constitutional rights.  The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven.  Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief.  *See id*.

Accordingly, it is **RECOMMENDED** that plaintiff's motion for temporary restraining order or preliminary injunction (Doc. 7) be **DENIED.**

        s/Stephanie K. Bowman
        Stephanie K. Bowman
        United States Magistrate Judge

### UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF OHIO
#### WESTERN DIVISION

JEREMY J. QUINN, JR.,　　　　　　　　　　　Case No. 1:13-cv-864
　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　Weber, J.
　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

　　vs

LT. ESHEM, et al.,
　　　Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc