UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY J. QUINN, JR.,  
      Plaintiff,

v.

LT. ESHEM, et al.,

      Defendants.

Case No. 1:13-cv-864

Weber, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

### I. Background and Pending Motions

Plaintiff is a prisoner currently incarcerated in the Ohio State Penitentiary, but previously incarcerated at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio. He originally filed suit under 42 U.S.C. §1983 against SOCF's warden, two SOCF nurses, and five SOCF correctional officers. On December 6, 2013, the Court reviewed Plaintiff's claims under the initial screening standards of 28 U.S.C. §§1915(e) and 1915A, and recommended dismissal of all claims against the warden and two nurses, as well as a portion of the claims alleged against one of the correctional officers. However, the undersigned recommended that summons issue for claims against several of the Defendants, and that recommendation was adopted by the presiding district judge.

Four Defendants were initially served and filed their Answer on March 10, 2014: Captain Timothy Howard, Lieutenant Edgel Eshem, and Corrections Officers Stephen Hale and Jeremy Eaches, (Docs. 4, 25). Plaintiff was later permitted to correct and amend the spelling of an unserved Defendant's name in order to achieve service against that individual, Corrections Officer Fri. On June 5, 2014, Officer Fri filed his

Answer. (Doc. 40).

In the original R&R (Doc. 4), the undersigned described a portion of Plaintiff's complaint as alleging that Correctional Officer Miller "searched his cell on September 27, 2013, 'as a form of harassment' for not informing another inmate.'" (Doc. 4 at 3). The undersigned further recounted Plaintiff's allegations that Miller denied Plaintiff phone privileges and meals after discovering that Plaintiff had filed suit against Miller's co-workers, and that Miller "used excessive force against plaintiff by spraying him with mace on September 28, 2013." (*Id.*). Last, I noted that Plaintiff's original complaint alleged that Miller "lied and made a false claim" against Plaintiff. (*Id.*). As to the latter allegation, the undersigned concluded that Plaintiff had failed to state a claim "to the extent that Miller lied and made a 'false claim.'" (Doc. 4 at 6).

The R&R filed on December 6, 2013 did not include a detailed list of the claims and Defendants other than stating which claims were to be dismissed, and directing service "upon the remaining defendants." (Doc. 4 at 7). The presiding district judge adopted the R&R without variation. At some point, the Clerk of Court interpreted the R&R and the Court's subsequent order of adoption as one requiring service on several correctional officers but not Officer Miller; therefore, Officer Miller has never been served. However, only the claim against Miller for making a "false claim" was subject to dismissal for failing to state a claim under the screening standards applied on initial review. While the undersigned expresses no view as to the ultimate success of other claims alleged against Miller, Plaintiff's allegations that Miller used excessive force against Plaintiff on September 28, 2013, and that Miller searched Plaintiff's cell and denied him phone privileges and meals in retaliation for Plaintiff's refusal to testify against another inmate and/or for filing suit against Miller's co-workers, should have

2

resulted in the issuance of summons to Miller.

In addition to his claims against Miller, Plaintiff's original complaint included allegations against Warden Morgan, the warden of SOCF, but failed to state any claim against that Defendant because *respondeat superior* does not apply in §1983 suits. (Doc. 4 at 5). Similarly, Plaintiff's original allegations against two SOCF nurses for "negligent behavior" failed to state any claim under §1983 and therefore were subject to dismissal at the screening stage. (Doc. 4 at 6).

Following the recommended dismissal of certain claims and issuance of summons on others, on December 9, 2013, the undersigned filed a second R&R recommending that Plaintiff's motion for a temporary restraining order or preliminary injunction be denied. On December 19, 2013, the undersigned filed a third R&R recommending that Plaintiff's request to amend his complaint to add allegations against a fifth defendant, Captain Howard, be granted, and to clarify that his requests for monetary damages were filed against Defendants in their individual capacities. (Docs. 8, 12). All R&Rs have been adopted by the presiding district judge.

Four motions are presently pending before the Court. On May 8, 2014, Plaintiff filed a motion to further amend/correct his complaint in order to add back in claims against the Defendants previously dismissed at the screening stage (Doc. 39). In the answer of Defendant Fri, counsel for all Defendants explains that he did not respond to Plaintiff's most recent motion to amend his complaint to add new defendants, "since service had never been ordered" against the putative defendants and as a result, he does not yet represent those individuals.[1] The undersigned concludes that the motion

---

[1] As counsel concedes, he could have responded in opposition on behalf of the State of Ohio as an interested party, pursuant to O.R.C. §109.361, *et seq*.

should be denied in part, although a small portion will be granted concerning Defendant Miller. Because the recommended denial is dispositive, Plaintiff's motion to amend/correct is addressed by this Report and Recommendation.

In addition to Plaintiff's motion to further amend his complaint, Plaintiff has filed three non-dispositive motions, which are addressed by a separate Memorandum Order filed herewith

## II. Analysis

Plaintiff's motion to further amend his complaint seeks to cure the deficiencies of his prior claims against Warden Donald Morgan, Correctional Officer Merlin Miller, and the two SOCF nurses (James and Reiter). Plaintiff's motion should be denied as to putative defendants Morgan, James, and Reiter, but granted as to Defendant Miller.

It must be noted that although Plaintiff cites to the liberality of amendment granted to pro se litigants and more generally under the PLRA, that liberality is not without its limits. As Defendants point out, neither Plaintiff's original complaint nor any of his proposed amendments could serve as a model under Rule 8(a), Fed. R. Civ. P., for a "short and plain statement" of his claims. The undersigned has already permitted Plaintiff to amend his complaint on two separate occasions – to correct the name of Defendant Fri in order to obtain service on that Defendant, and to add entirely new claims against a new Defendant (Howard), as well as to "clarify" that claims for monetary damages are asserted against individual Defendants in their individual capacities. Permitting a prisoner plaintiff to continually amend his complaint in piecemeal fashion is inherently prejudicial to the Defendants. The undersigned has previously directed the parties to complete discovery by October 31, 2014, and permitting further amendment is likely to negatively impact that deadline.

Plaintiff's proposed amended claim against Warden Morgan continues to fail to state a claim against that individual, for the same reasons previously indicated in the prior R&R (Doc. 4). Plaintiff has alleged that the warden is legally "responsible" for failing to order the installation of additional cameras, and for the allegedly excessive force used by various correctional officers against Plaintiff and other inmates out of sight of the cameras that are installed at the prison. However, *respondeat superior* cannot be used to imposed liability under 42 U.S.C. §1983. Because there is no allegation that Morgan encouraged or participated in the specific incident of alleged excessive force of which Plaintiff complains, Plaintiff fails to state any claim against him.

Similarly, Plaintiff's allegations that the two nurses failed to "prevent or stop" the use of excessive force, and/or that they failed to *adequately* treat his wounds following his assault by Defendants, still fails to state any claim under 42 U.S.C. §1983. In his original complaint, Plaintiff similarly alleged that the Defendants used excessive "force and punches to my body in front of Medical Nurses James and a Ms. Reiter." (Doc. 3 at 8). Plaintiff alleges that in the course of rendering treatment for his injuries after the alleged assault, the nurses called the institutional physician for medical advice, "glued my wounds on my head" and assured him that he would be "alright." (Doc. 39-1 at 3; *see also* Doc. 3 at 9). In his original complaint, he similarly alleged that the nurses only engaged in "negligent behavior." (*See* Doc.1, complaint at 11). As previously stated, negligent medical treatment "does not implicate any Eighth Amendment concerns." (Doc. 4 at 6).

In contrast to the allegations against Morgan and the two nurses, Plaintiff's proposed amended complaint does state a claim against Correctional Officer Miller. As discussed above, the allegations against Miller were included in Plaintiff's original

5

complaint, and to that extent, Defendants cannot claim prejudice from this particular amendment. The failure to serve Miller with the original complaint was due only to an administrative error on the part of this Court. Only the claim against Miller for making a "false claim" was subject to dismissal on screening; Plaintiff's allegations that Miller used excessive force against Plaintiff on September 28, 2013, and that Miller searched Plaintiff's cell and denied him phone privileges and meals in retaliation for Plaintiff's refusal to testify against another inmate and/or for filing suit against Miller's co-workers, should have caused summons to issue to Miller.[2] The former allegations state a claim under the Eighth Amendment, and the latter allegations appear to state a non-frivolous claim (at least at the screening stage) for retaliation in violation of the First Amendment. *See, e.g., Bell v. Johnson*, 308 F.3d 594, 604 (6th Cir. 2002).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

Plaintiff's motion to further amend his complaint (Doc. 39) be GRANTED IN PART and DENIED IN PART. Apart from the "false claim" allegation against Correctional Officer Miller previously dismissed pursuant to 28 U.S.C. §1915e(2)(B), Plaintiff's Eighth Amendment and First Amendment claims against Miller are deserving of further development and may proceed at this juncture. Directions concerning service on Defendant Miller is included in the Memorandum Order filed this same day. By contrast, Plaintiff's motion to amend his complaint a third time to reassert previously dismissed claims against SOCF's Wardan, Donald Morgan, or to reassert claims

---

[2]The undersigned in no way intends to fault the Clerk of Court for failing to issue summons in this regard. Any fault in the misinterpretation lies with the undersigned, as the original R&R failed to sufficiently distinguish between the various claims against Miller.

6

against the two SOCF nurses (James and Reiter), should be denied, because the proposed amended complaint continues to fail to state any viable federal claim against those individuals.

                                                                                               */s Stephanie K. Bowman*
                                                                                              Stephanie K. Bowman
                                                                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY J. QUINN, JR.,
    Plaintiff,

v.

LT. ESHEM, et al.,

    Defendants.

Case No. 1:13-cv-864

Weber, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).